# McClanahan v. Heidelberg Brewing Co., Inc., et al.

January 21, 1947.

William A. Bolan for appellant.

Ogden, Tarrant, Galphin & Street and Stanley Chrisman for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case involves the question of whether, under KRS 271.175, which became effective in July, 1946, a majority of the stockholders of a corporation can authorize its board of directors to issue and sell additional capital stock at its market value, which is above its par value, or whether a stockholder's preemptive right to purchase his proportionate part of the additional issue entitles him to make the purchase at par rather than market value? The lower court held that a stockholder was not entitled to purchase his proportionate part of the stock at par. Hence this appeal.

In 1946, the stockholders of the Heidelberg Brewing Company authorized the board of directors to increase the Company's capital stock from 400,000 shares with $1 par value to 600,000 shares with the same par value. The Company entered into an agreement with certain bonding companies under which they agreed to take all of the issue not subscribed by the stockholders at a price of not less than $1.25 and not more than $1.50 per share. This price represented the market value of the stock. The appellant demanded that she be sold her proportionate part of the issue at par. In support of her contention she cites the case of Scheirich v. Otis-Hidden Co., 204 Ky. 289, 264 S. W. 755, 757. In that case Scheirich took the position that the company should sell the additional issue of stock at market value rather than par. In ruling against him it was said:

"There is no precedent or authority whatever for requiring a corporation to sell new shares at book value to its stockholders. The almost unanimous voice of the courts and commentators is that stockholders are entitled, as a matter of right, to take these new shares at par."

It is not uncommon for stockholders to be given the right to purchase their proportionate part of an additional issue of stock in a corporation at par, but it does not necessarily follow that the sale of an additional issue at market value would be invalid. As a matter of fact, the legislature in 1946 expressly authorized the sale of an additional issue of stock of a corporation not in excess of market value.

KRS 271.175 follows:

"(1) No shares shall be issued except for an equivalent in money paid or labor done, or property actually received and applied to the purposes for which the corporation was formed, and neither labor nor property shall be received in payment for shares at a greater value than the market price at the time such labor was done or property delivered, and all fictitious increase of shares shall be void.

"(2) Subject to subsection (1) of this section, subscriptions for shares signed before incorporation shall be payable in cash or labor or property of a value determined by the incorporators, and subscriptions for shares signed after incorporation as determined by the shareholders at any annual meeting, or special meeting, duly called and held for that purpose, or determined by the board of directors acting under authority conferred by the shareholders or by the articles of incorporation."

A stockholder's preemptive right to purchase his proportionate part of an additional issue of stock actually gives him the right to maintain his relative position among other stockholders. In other words, if he owns five per cent of the stock before the additional stock is issued, he has the right to purchase that proportionate part of the new issue, regardless of whether the stock is sold at par or market value. The market value might be several times the par value, but this would not affect the position of the stockholder if he desires to purchase

his proportionate part of the new issue. As a general proposition it strikes us that, in the absence of some particular reason for offering an additional issue to the shareholders at par, the better business practice would be to sell the additional issue at market value. In such an event old stockholders and new purchasers would be placed on the same footing. See Lewis, Secretary of State, v. Oscar C. Wright Co., 234 Ky. 814, 29 S. W. 2d 566.

In the case of Stokes v. Continental Trust Co. of New York, 186 N. Y. 285, 78 N. E. 1090, 12 L. R. A., N. S., 969, 9 Ann. Cas. 738, it was held that, in the absence of a statutory provision to the contrary, a new issue of capital stock could be issued at a fixed price above par, provided the old stockholders were given the right to purchase their proportionate part of the new issue. See also 18 C. J. S., Corporations, sec. 201, p. 632.

Under the circumstances, we think the judgment should be and it is affirmed.